■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARMANDO RODRIGUEZ, Respondent. [601 NYS2d 303] —Order, Supreme Court, New York County (Patricia Williams, J.), entered September 24, 1991, which granted defendant's CPL 330.30 motion to set aside the verdict, unanimously reversed, on the law, the motion denied, the jury verdict reinstated, and the matter remanded for sentencing.

Defendant and an accomplice were charged with selling cocaine to an undercover police officer. The evidence at trial established that the undercover officer approached defendant and the accomplice, Tito Falcon, who were standing about two feet apart from each other. She asked defendant whether he had any nickels, to which he responded, "how many?" After the officer responded "four", defendant turned to Falcon and spoke to him in Spanish. Falcon walked over to a van parked about 20 feet away, reached under the van's right front wheel, and took out some vials. Falcon handed the vials to defendant, who gave these to the undercover officer. The undercover officer handed defendant $20 in prerecorded buy money, which defendant then handed to Falcon. When defendant was arrested by the back-up team, he did not possess any cocaine or prerecorded buy money. Falcon was arrested shortly thereafter and possessed the $20 of prerecorded buy money. The court twice charged the jury on the agency defense.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), the People clearly established that defendant acted in concert with Falcon to sell cocaine to the undercover officer and that he was not acting merely as the undercover officer's agent. Accordingly, the IAS Court improperly set aside the verdict. Concur—Murphy, P. J., Carro, Wallach, Kassal and Nardelli, JJ.